UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Town of Florence, | ) | |
| | ) | |
| Plaintiff, | ) | 2:13-cv-2473 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Florence Copper, Inc., *et al.*, | ) | (Motion at docket 14) |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I.  MOTION PRESENTED

At docket 14, plaintiff Town of Florence ("Town") moves to remand this action to state court.  At docket 16, defendant Florence Copper, Inc. ("Copper") opposes the motion.  Town's reply is at docket 20.  Oral argument is not requested and would not aid the court.

### II.  BACKGROUND

The focal point of the case at bar is a 1,187 acre parcel of real property located within the boundaries of Town ("the Property").  The Property became subject to a Pre-Annexation Development Agreement in 2003 which incorporated a Planned Unit

Development by reference ("the PADA").  In 2007 the Property's zoning was changed from Light Industrial to Residential.  Copper is the present owner of the Property.[1]

Town filed this action against Copper, RK Mine Finance Trust 1 ("RK"), and Pinal County in the Superior Court for the State of Arizona In and For Pinal County on October 14, 2013.  Town is an Arizona municipal corporation located within Pinal County.  Copper is a Nevada Corporation which alleges that its principal place of business is in Canada.  RK is an Australian trust.  Pinal County is an Arizona municipal corporation.  Copper contends that joinder of Pinal County is fraudulent.  Town's complaint advances two claims for relief.  The first is for a declaration of the parties' rights under various documents that apply to the Property.  The second is a claim to acquire all nonconforming uses and structures on the Property through exercise of the Town's power of eminent domain.

Copper removed the litigation from state court pursuant to 28 U.S.C. § 1441(a) on December 3, 2013.  The Notice of Removal indicates that there is diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(3) and that Pinal County has no interest in the Property which could support its inclusion as a defendant.

### III.  STANDARD OF REVIEW

A lawsuit may be removed to federal court under 28 U.S.C. § 1441 if the suit could have been brought in federal court originally.  Removal statutes are strictly construed against removal and any doubts regarding removal must be resolved against

---

[1] The facts recited in this paragraph are among those alleged in the complaint, which have been admitted in the answer.

removal and in favor of remand.[2]  The Ninth Circuit has explicitly recognized a "strong presumption against removal jurisdiction."[3]  The Ninth Circuit has also recognized a "general presumption against fraudulent joinder."[4]  This presumption may be overcome where the plaintiff has failed to state a claim against a resident defendant which is obvious under the settled rules of the state.[5]  However, where "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."[6]  The removing party bears the burden of establishing federal jurisdiction.[7]

## IV.  DISCUSSION

### A.  Remand

Town's first argument in support of its motion to remand is that the presence of Pinal County as a defendant defeats diversity jurisdiction.  There is, of course, no doubt that Pinal County is a citizen of Arizona, as is Town.  However, Copper contends that Pinal County has been fraudulently joined.  Copper argues that Pinal County is merely

---

[2]*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

[3]*Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

[4]*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

[5]*Id*.

[6]*Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).

[7]*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d, 1261, 1265 (9th Cir. 1999) *superseded by statute on other grounds as explained in Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006).

a "nominal party" and therefore should be disregarded citing *Navarro Savings Ass'n v. Lee*.[8]

The question presented in *Navarro* was "whether the trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders."[9] The trial court had dismissed the action on the basis that the trust was a citizen of every state wherein any of its beneficial shareholders was a resident. That decision was reversed by the Fifth Circuit, and its decision was affirmed by the Supreme Court. *Navarro* is not instructive with respect to the case at bar. Pinal County is not a trust, and it has no beneficial shareholders.

Copper goes on to argue that Pinal County's only interest in the Property arises from the fact that the Property is subject to Pinal County tax levies so that a tax lien in its favor is imposed by state statute.[10] This it submits is an insufficient interest, because "any tax lien held by the County will remain in place regardless of which side prevails in this case."[11] That does not alter the fact that Pinal County has a continuing interest in the Property, even if its interest appears to be well secured.

---

[8]446 U.S. 458, 460 (1980).

[9]*Id.* at 458.

[10]A.R.S. § 42-1753.

[11]Doc. 16 at p. 4.

Copper also points out that the taxes for 2013 were paid.[12] While the 2013 taxes had been paid at the time of removal, the underlying statutory right to a lien was not eliminated. It was in place at the time of the removal and will remain in place. That statutory right means that Pinal County has an interest in the proper disbursal of funds paid in the exercise of Town's power of eminent domain. The exercise of that power was ongoing at the time of removal and payment of the 2013 taxes could not eliminate the County's right to recover taxes owed at whatever time the Town's exercise of its eminent domain power might be concluded.

Copper also asserts that Town's complaint sets out no "cause of action" against Pinal County. With respect to Pinal County, the complaint alleges that it has a lien for any taxes it may levy against the Property and that the County "is entitled to any unpaid real property taxes that have been levied, including penalties and interest, from the proceeds of the eminent domain action."[13] Copper cites *Ritchey v. Upjohn Drug Co.*[14] for the propositions that a party is fraudulently joined where the complaint states no cause of action against it and for the removing party's right to show the facts which establish there is no cause of action. With those propositions, this court agrees. However, the complaint in this case includes a claim to condemn the Property. It follows that any party with an interest in the Property is a viable defendant even if the plaintiff does not allege a claim of wrongful conduct against that party. This is so

---

[12]Copper even asked to prepay the 2014 taxes hoping to establish that Pinal County has no interest in the Property, but its effort to prepay was rebuffed.

[13]Doc. 6-5 at ¶ 94.

[14]139 F.3d 1313, 1318 (9th Cir. 1987)

because the operative cause of action is a claim to exercise the Town's power of eminent domain and that cause of action necessarily is directed at anyone with an interest in the Property.

This court is guided by Ninth Circuit jurisprudence which instructs that so long as there is a possibility that a state court would find that a complaint advances a cause of action against a resident defendant, the federal court must remand the case.[15] Here, there is no doubt that a state court would consider Pinal County a proper defendant in the eminent domain action, because of its continuing statutory right to a tax lien on the Property. In light of the appellate court's instruction, this case must be remanded.

It may be added that while there are some differences, this court also finds Judge Snow's recent decision in *Salt River Project v. Frito- Lay, Inc.*[16] instructive. There, Judge Snow remanded an eminent domain case removed by a defendant, because of Pinal County's interest in the payment of taxes on the property which was the subject of the eminent domain action. This court sees no reason to reach a different result in the case at bar.

Having decided that there is no diversity jurisdiction by virtue of Pinal County's presence as a defendant, it is unnecessary to consider Town's other arguments.

## B. Costs

Town asks the court to award it reasonable fees, costs, and expenses in connection with the proceedings in this court. An order remanding a case to state court

---

[15] *See Hunter*, 582 F.3d at 1046.

[16] Case No. 2:12-cv-2336-GMS at doc. 29.

may require the removing party to pay just costs and expenses including attorneys' fees.[17]  Generally, such an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."[18]  Here, it is true that the removal failed.  However, given the unusual nature of Pinal County's interest in the litigation and the absence of a separately stated cause of action against it in the complaint, the court concludes that while wrong, Copper's removal was objectively reasonable.  The court notes that Judge Snow reached the same conclusion in the *Frito-Lay* case.[19]

### V.  CONCLUSION

For the reasons above, the motion at docket 14 is **GRANTED in part and DENIED in part** as follows:

1.  This case is hereby **REMANDED** to the Superior Court for the State of Arizona in and for the County of Pinal; and

2.  Plaintiff's request for an award of costs, expenses, and fees is **DENIED**.

DATED this 10th day of March 2014.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[17]28 U.S.C. § 1447(c).

[18]*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

[19]Case No. 2:12-cv-2336-GMS at doc. 29, pp. 3-4.